■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON MASTERS, Appellant.—Judgment unanimously affirmed. Memorandum: In affirming defendant's conviction for criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [4]), we observe that there is uncontradicted evidence in the record that the defendant was in constructive possession (Penal Law, § 10.00, subd 8) of a loaded .22 caliber pistol which, to his knowledge, was left in the glove compartment of his car where the police found it (see, generally, *People v Reisman,* 29 NY2d 278; *People v Diaz,* 41 AD2d 382, affd 34 NY2d 689). The proof is that the New York State Police had stopped the defendant after a high-speed chase on the Thruway, and that defendant's wife consented to the search of the automobile. Although the court charged the jury in regard to subdivision 3 of section 265.15 of the Penal Law which makes the presence of a gun in an automobile presumptive evidence of possession by all occupants of the automobile at the time the weapon is found, such charge was unnecessary because of the defendant's ownership of the car and his exercise of "dominion or control" (Penal Law, § 10.00, subd 8) over all property situated therein. We need not decide, therefore, the question concerning the constitutionality of subdivision 3 of section 265.15 of the Penal Law raised by the defendant (see

*Allen v County Court, Ulster County,* 568 F2d 998), inasmuch as the proof clearly supports the conviction without regard to the presumption. Any error that may have been committed was harmless (see *People v Crimmins,* 36 NY2d 230). The other points raised by defendant are without merit and do not require discussion. (Appeal from judgment of Ontario County Court—criminal possession of weapon, third degree.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.